SEMINOLE COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT
JUN 2 3 2014
KIM A. DAVIS, COURT CLERK
BY_____ DEPUTY

## IN THE DISTRICT COURT OF SEMINOLE COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| JAMES ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CJ -2014- 50 |
| | ) |
| SONOCO LOGISTICS, INC., | ) |
| SONOCO LOGISTICS PARTNERS, LP., | ) |
| | ) |
| Defendant. | ) |

### PETITION

**COMES NOW** the plaintiff, James Steve Allen, by and through his attorney, Jack F Tracy, and for his cause of action against the defendant alleges and states as follows:

1. Plaintiff, James Allen, is a resident of Pottawatomie County, state of Oklahoma.

2. The acts complained of herein occurred in Seminole County, state of Oklahoma. The defendant operates its yard and a portion of its trucking business out of Seminole County.

3. Plaintiff is a member of the United States Steel Union, and the union contract applies to the instant case.

4. At all times relevant hereto, the defendant did and does now employ more than 15 employees; is and was engaged in an industry affecting interstate commerce; and is therefore an employer under 42 U.S.C. §2000(e)(b).

5. This action is authorized and instituted pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000-e, et seq. The age discrimination in employment act of 1967, as amended, 29 U.S.C. §633a.

6. Jurisdiction of this court is invoked by the pendant jurisdiction to hear and decide claims arising under the state of Oklahoma in the United States of America.



EXHIBIT 1

7. The amount in controversy exceeds $75,000, excluding interest and costs.

8. James Allen has been employed by the defendant for the past 24 years.

9. James Allen is over the age of 40 years. He was born in 1961 and is the age of 52.

10. Allen is a member of a protected class (age, and disability).

11. Allen was performing his job satisfactorily when he was required to have a heart catheterization in December, 2013. During the heart catheterization he had a minor heart attack. A stent was placed in his heart, and he contends he made a full recovery. He was treated by a board-certified cardiologist, William A. Collazo, M.D.

12. He was employed as a DOT truck driver and currently holds a recertified medical card showing that he was authorized by the DOT to drive a semi-truck.

13. The defendant required Allen, to take and pass an Exercise Tolerance Test (EET) performed within 3 to 6 months after PCI at the direction and review of Dr. Collazo, a board-certified cardiologist.

14. The Exercise Tolerance Test was performed in March 2014. The results of the test showed that the physical abilities of Allen exceeded the requirements of the DOT.

15. Dr. Collazo is familiar with the requirements of the DOT regarding ischemic heart disease.

16. Dr. Collazo released Allen to full duties as a DOT driver.

17. The defendant refused to reinstate Allen to his former position or any other position in this area.

18. The union contract requires the defendant to make reasonable accommodation to Allen and to refrain from unlawful age discrimination.

19. A job came open for a supervisory position in Maysville, Oklahoma. Allen applied for the job and was advised that the defendant would not consider him for any type of job.

20. Allen is being terminated in violation of the union contract if he is unable to perform the job, in the alternative, if he does have significant disabilities, the defendant is nevertheless violating the union contract by failing to make reasonable accommodation for Allen by hiring a younger man with less experience in the company to be the supervisor.

21. Allen earns approximately $65,000 per year and intends to work until age 66, a period of 14 years. Plaintiff's loss of earnings is projected at $916,000.

22. Allen is concerned that if he is returned to his job at this point, the defendant will harass him, mistreat him, and make his employment intolerable. The employer/employee relationship has been damaged to the point of no reconciliation.

23. Allen is also entitled to fringe benefits such as a pension plan, Social Security benefits, paid vacation, and health insurance and should be awarded front pay for those loss of benefits estimated to have a value of $200,000.

24. Allen has suffered emotional distress because of the actions of the defendant for which he should be compensated in the amount of $350,000. Plaintiff has suffered humiliation, embarrassment and emotional distress as a result of the actions of the defendant.

25. Allen timely filed a claim with the EEOC. The EEOC has issued a right to sue letter in the instant case. All conditions precedent to the instant case have been satisfied.

26. The defendant has willfully and unlawfully discriminated against Allen based on his age or disability.

27. Defendant is covered by the Age Discrimination In Employment Act, 29 U.S.C. §623, et. seq., which plainly states it shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way they would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's age.

28. Further, the defendant violated the union contract which precludes the defendant from engaging in age discrimination.

29. Allen is unable to return to work with no restriction, and is still able to perform all functions of his position as DOT truck driver.

30. Allen is entitled to the damages and other relief set forth above.

   **WHEREFORE**, Allen prays that this court will:

31. Enter a judgment declaring that the acts, policies, and practices of the defendant are in violation of the laws of the United States of America and their state counterparts.

32. Issue a permanent injunction:

   a. Requiring the defendant to abolish discrimination and reprisal;

   b. Require the defendant to cease and desist from any employment practice which discriminates against Allen or others on the basis of their age, or retaliation.

   c. Requiring defendant to remove and/or devote all managers who have violated age discrimination or false claims of disability;

d. If appropriate, in lieu of front pay, injunctive relief ordering defendant to reinstate Allen to the position he would have held absent the defendants unlawful discrimination.

33. Award compensatory damages for unlawful age discrimination suffered by Allen.

34. Award punitive damages to punish the defendant for its conduct in violating Allen's right to be free from age discrimination and unlawful claims of disability in an amount of $1 million.

35. Award economic and punitive damages as appropriate including relief for emotional distress, pain-and-suffering, embarrassment, any back pay, front pay and benefits that may be determined at trial, prejudgment interest at the rate used by the IRS in assessing any under-payment of taxes, attorneys fees, cost of litigation, and any other and further relief as may be necessary and proper as determined by the court.

36. A jury trial is demanded.

37. An attorney lien is claimed.

RESPECTFULLY SUBMITTED,

*[signature]*

JACK F. TRACY, OBA #11718
201 W. Main Street
Purcell, OK 73080
Telephone: (405) 527-5571
Facsimile: (405) 527-2557
Attorney for Plaintiff